NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2964
_____

UNITED STATES OF AMERICA

v.

JOSE CHARRIEZ
a/k/a Jun,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:16-cr-00025-001)
District Judge: Michael M. Baylson

_____

Submitted Under Third Circuit LAR 34.1(a)
February 6, 2026

Before: HARDIMAN, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*.

(Filed: February 19, 2026)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Jose Charriez, pro se, appeals the District Court's order denying his motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i). We will affirm.

I

Charriez pleaded guilty to three federal gun and drug charges. At sentencing in 2017, the District Court determined Charriez was a career offender under the United States Sentencing Guidelines § 4B.1(a). The Court applied § 4B1.1(c)(3) and calculated Charriez's Guidelines range as 262 to 327 months' imprisonment.

Defense counsel argued that Charriez's Guidelines range would be substantially lower but for his 2009 Delaware state conviction for delivery of a controlled substance involving marijuana, which was one of two predicate offenses that triggered the career offender enhancement. In response, the District Court described that Delaware marijuana trafficking offense as a "less serious offense than distributing cocaine, or crack, or heroin," and stated, "to be fair to the Defendant, [the Court] [had] to take [that] into account." Dist. Ct. Dkt. No. 36, at 13–14, 18.

The District Court also explained that, if Charriez's current offenses were not so serious, it would have considered sentencing him "along the lines of" the non-career offender Guidelines range requested by defense counsel. Dist. Ct. Dkt. No. 36, at 29. It explicitly took the less serious nature of the 2009 Delaware marijuana offense into account. Accordingly, it imposed concurrent sentences of 120 months' imprisonment at Counts One and Three and the mandatory minimum sentence of 60 months' imprisonment at Count Two to be served consecutive to the other sentences, resulting in a

2

total sentence of 180 months' imprisonment—a substantial downward variance from Charriez's Guidelines range.

In 2024, Charriez moved for a reduction in sentence. He contended that extraordinary and compelling circumstances existed under Guidelines § 1B1.13(b)(6). In support of his motion, Charriez argued that the "attitude . . . with respect to marijuana laws has seen a drastic [c]hange" nationwide and in Delaware, such that "[c]hanges in the [m]arijuana laws [would] affect his prior criminal history and reduce his criminal history status." Dist. Ct. Dkt. No. 54, at 8. Thus, his 2009 Delaware marijuana conviction would no longer qualify as a predicate crime for the career offender enhancement, resulting in a "gross disparity" between the sentence he received and the sentence that would be imposed. Dist. Ct. Dkt. No. 54, at 8–9.

The District Court denied the motion. It found no gross disparity between the sentence Charriez was serving—one for which the Court had considered the less serious nature of the marijuana offense and varied downward from the Guidelines substantially— and any sentence that would be imposed on the motion.

Charriez timely appealed.[1]

---

[1] Charriez also appeals the District Court's order granting an extension to the Government to respond to his motion, where the Government filed the request two days after the Court's response deadline. Charriez Br. 3–4. The Chief of Appeals for the United States Attorney's Office explained that the motion was never served, the assigned attorney was no longer employed by that office, and he was unaware of Charriez's original filing and the Court's ordered response. The District Court granted the extension over Charriez's objection. Perceiving no abuse of discretion in the Court allowing the extension based on the Government's explanation, we will affirm that order. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).

3

II[2]

Under § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment "if it finds that [] extraordinary and compelling reasons warrant such a reduction" after considering the applicable sentencing factors set forth in 18 U.S.C. § 3553(a). The threshold determination—whether extraordinary and compelling circumstances exist to permit that exercise of discretion—is a question of law, which we review de novo. The same is true for whether a conviction is a predicate offense under the Guidelines. *See United States v. Womack*, 55 F.4th 219, 236 (3d Cir. 2022). But the ultimate decision to grant a motion for reduction in sentence is discretionary and reviewed accordingly. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

Charriez argues that the District Court erred in denying his motion for reduction because it "conceded" that he "would no longer be deemed a 'Career Offender'" yet found "there is not a gross disparity between the sentence he is serving and the sentence that would likely be imposed." Charriez Br. 4. He reasserted that if he were sentenced today, "he would no longer be deemed a Career Offender" and "would [be] released from incarceration." Charriez Br. 6.[3]

We perceive no abuse of discretion in the District Court's denial of the motion and

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[3] Before the District Court and in his reply here, Charriez argued other bases in support of extraordinary and compelling circumstances that he did not address in his opening brief, so they are forfeited. *M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 124 n.2 (3d Cir. 2020).

its determination that there would be no gross disparity in sentences. Contrary to Charriez's assertion, the District Court's statement in its order denying the motion merely acknowledged Charriez's argument that he might not be considered a career offender today; the Court did not rule on that issue in his favor. Irrespective of that classification, the District Court recognized at sentencing the more lenient treatment of marijuana offenses. And when it gave Charriez the substantial downward variance, the Court considered the non-career offender Guidelines range and justified the sentence imposed by stating that the marijuana trafficking offense was less severe than trafficking cocaine, crack, or heroin. The very same arguments that Charriez raises now about the severity of the marijuana offense were already accepted and incorporated in the District Court's reasoning at sentencing. We therefore cannot say that no reasonable court would conclude that there would be no gross disparity and deny Charriez's motion for reduction. *See United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) ("In other words, if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that defendant for the reasons the district court provided.").

The Government also offers an alternative basis for our affirmance: Charriez's prior Delaware marijuana conviction still renders him a career offender, so Charriez's core contention that there has been a change in law is misguided. *See United States v. Miller*, 224 F.3d 247, 248 n.1 (3d Cir. 2000) ("We may *affirm* a District Court's judgment on grounds other than those considered by the District Court itself). We agree.

Charriez would still be sentenced as a career offender. Under Delaware laws in

effect at the time of Charriez's motion, his 2009 Delaware marijuana crime would still be a controlled substance offense punishable by imprisonment for over one year, qualifying as a predicate offense under Guidelines § 4B1.2(b) and (d). For this additional and independent reason, the District Court did not err in denying his motion.

*     *     *

For the reasons stated, we will affirm.